```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

        -v.-                       :    08 Cr.

DANETTE VARONA,                    :

              Defendant.           :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 4 2008

INFORMATION

08 CRIM 504

JUDGE SPRIZZO

## COUNT ONE

The United States Attorney charges:

1. From in or about August 2007, up through on or about February 5, 2008, in the Southern District of New York and elsewhere, DANETTE VARONA, the defendant, unlawfully, willfully, and knowingly, did make, utter, and possess counterfeit securities of organizations, with intent to deceive other persons, organizations, and governments, to wit, VARONA received and possessed counterfeit travelers checks, gift checks, cashier's checks, and money orders from various organizations.

(Title 18, United States Code, Sections 513(a) and 2.)

## COUNT TWO

The United States Attorney further charges:

2. On or about November 23, 2007, in the Southern District of New York and elsewhere, DANETTE VARONA, the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud financial institutions, namely U.S. Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to

obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, to wit, VARONA wrote checks on the account of another individual, forged the signature of that individual, and then sent the checks to others with the intent that the checks would be deposited.

(Title 18, United States Code, Sections 1344 and 2.)

## FORFEITURE ALLEGATION

(As to Count One)

3. As a result of committing the offense of possessing counterfeit securities, in violation of 18 U.S.C. § 513, alleged in Count One of this Information, DANETTE VARONA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to at least $5,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds that the defendant obtained as a result of the offense.

### Substitute Asset Provision

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461)

FORFEITURE ALLEGATION

(As to Count Two)

5.  As a result of committing the offense alleged in Count Two of this Information, DANETTE VARONA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of said offense, including but not limited to at least $5,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds the defendant obtained as a result of the offense.

Substitute Asset Provision

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due

diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 982 and 1344.)

*/s/ Michael J. Garcia*
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DANETTE VARONA,

Defendant.

**INFORMATION**

08 Cr.

(18 U.S.C. §§ 513(a), 1344, and 2)

MICHAEL J. GARCIA
United States Attorney.

\* Filed Waiver of Indictment + Information.

6-4-08 Deft. pres w/ Attorney Ms. Cross, A.U.S.A.
Mr. Goldman pres. Deft. arraigned + plead Not Guilty

Pitman
U.S.M.J.